FILED '10 AUG 30 14:09 USDC-ORE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

NORMA I. PRICE,                                         CV. 09-6106 AA

        Plaintiff,                              OPINION AND ORDER

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


AIKEN, Judge:

## **INTRODUCTION**

Plaintiff Norma Price ("Price"), brings this action pursuant to the Social Security Act, 42

USC § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social

Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits.

For the reasons set forth below, the decision of the Commissioner is reversed.

1 - OPINION AND ORDER

## PROCEDURAL BACKGROUND

Price filed an application for benefits on February 13, 2007 alleging disability since September 1, 2000, due to fibromyalgia. Her application was denied initially and upon reconsideration. On October 16, 2008, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated November 5, 2008, the ALJ found Price was not entitled to benefits. On February 13, 2009, the Appeals Council denied Price's request for review, making the ALJ's decision the final decision of the Commissioner. Price now seeks judicial review of the Commissioner's decision.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert. denied*, 517 US 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F2d 841, 849 (9th Cir 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The
Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than
one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is
disabled within the meaning of the Act. 20 CFR §§ 404.1520, 416.920. Below is a summary
of the five steps, which also are described in *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir
1999):

Step One. The Commissioner determines whether claimant is engaged in substantial
gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful
activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 CFR
§§ 404.1520(b), 416.920(b).

Step Two. The Commissioner determines whether claimant has one or more severe
impairments. If not, claimant is not disabled. If claimant has a severe impairment, the
Commissioner proceeds to evaluate claimant's case under step three. 20 CFR §§ 404.1520(c),
416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the
Commissioner next determines whether claimant's impairment "meets or equals" one of the
impairments listed in the Social Security Administration ("SSA") regulations, 20 CFR Part 404,
Subpart P, Appendix 1. If so, claimant is disabled. If claimant's impairment does not meet or
equal one listed in the regulations, the Commissioner's evaluation of claimant's case proceeds
under step four. 20 CFR §§ 404.1520(d), 416.920(d).

Step Four. The Commissioner determines whether claimant is able to perform work he or she has done in the past. If so, claimant is not disabled. If claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds under step five. 20 CFR §§ 404.1520(e), 416.920(e).

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 CFR §§ 404.1520(f)(1), 416.920(f)(1).

At steps one through four, the burden of proof is on the claimant. *Tackett*, 180 F3d at 1098. At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id*

## ALJ's DECISION

At step one, the ALJ found Price had not engaged in substantial gainful activity since the alleged onset of disability on September 1, 2000. This finding is not in dispute.

At step two, the ALJ found Price had the medically determinable severe impairments of fibromyalgia, degenerative disc disease of the lumbar spine, osteoarthritis of the right knee, and obesity. This finding is not in dispute.

4  - OPINION AND ORDER

At step three, the ALJ found that Price's impairments did not meet or medically equal a listed impairment. This finding is not in dispute.

At step four, the ALJ found that Price was able to return to her past work as a financial institution manager and financial loan counselor. This finding is in dispute.

The ALJ determined that Price retained the residual functional capacity ("RFC") to perform a full range of sedentary work. This finding is in dispute. The ALJ found Price not disabled within the meaning of the Act.

## FACTUAL BACKGROUND

Price was 64 years old at the time of the hearing decision. Tr. 29, 84.[1] She has a high school education, and completed one year of college. Tr. 29, 108. Price has worked as a financial institution manager and a financial loan counselor. Tr. 6-16.

The medical records in this case accurately set out Price's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Price contends that the ALJ erred by: (1) finding her not fully credible; and (2) failing properly to consider lay witness testimony.

I. Price's Credibility

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed with the Commissioner's Answer.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir. 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722; *see also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms [footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996):

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)(1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments

> *could reasonably be expected to* (not that it did in fact) produce some degree of symptom. *Smolen*, 80 F.3d at 1282 (italics in original).

There is objective medical evidence that Price suffers from fibromyalgia, degenerative disk disease of the lumbar spine, osteoarthritis of the right knee, and obesity. These impairments could reasonably be expected to cause some pain and impaired concentration. Therefore, the ALJ may not simply reject Price's symptom testimony. *Id* To determine whether Price's testimony is credible the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as a reputation for lying or prior inconsistent statements; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Smolen,* 80 F.3d at 1284.

Price has the burden of showing disability prior to the expiration of her insured status on September 30, 2004. She was between 56 and 60 years old during the relevant time period. Tr. 26. She testified that she worked in the student loan business from 1987 to 2000, and quit when the job became too much effort. Tr. 34. Plaintiff testified that she had lower back pain for which she received shots in her spine in March 2008. Tr. 32. She had trouble sleeping, ached, and had overwhelming exhaustion. Tr. 34. Plaintiff testified that she did not have the energy to drive to work, and her husband drove her. She would vomit in the bathroom for the first half hour she was at work. Plaintiff testified that she had trouble maintaining concentration and was forgetful. Tr. 35-36. By the time she quit, plaintiff thought she was developing Alzheimer's disease because she forgot so many things. Tr. 37. She made errors at work, and had to retype letters many times. Tr. 36. Plaintiff testified that she was always exhausted.

Plaintiff takes up to 12 ibuprofen a day.  Tr. 42.  She goes to a gym for exercise and does

a 30 minute routine four to five times a week.  Tr. 43.  If she goes to the gym she is too tired

afterwards to do anything else.  Tr. 44.  She also sits on a heating pad.  Her symptoms are worse

in the winter.  Plaintiff's knee aches.  Tr. 40.

The ALJ stated:

> By the claimant's own report she remains capable of exercising at
> Curves 4-5 times a week.  Her ability to sit for extended periods
> of time has improved with medication and heat therapy.  Finally,
> while the claimant has not worked since her alleged onset date,
> there does not appear to be any change in her condition relative to
> when she continued working after being diagnosed with fibromy-
> algia and degenerative disc disease.  These factors indicate that
> the claimant is at least capable of performing work at a sedentary
> level.

Tr. 15.

The Commissioner concedes that the only valid reason articulated by the ALJ for

rejecting plaintiff's subjective complaints is that she exercised for 30 minutes a day four to five

days a week.  This, by itself, is not a clear and convincing reason to find plaintiff not credible,

particularly when she has been advised by many of her medical providers to exercise.

## II. Lay Witness Testimony

The ALJ must consider lay witness testimony unless he or she expressly determines to

disregard such testimony and gives reasons germane to each witness for doing so.  *Nguyen v.*

*Chater,*  100 F3d 1462, 1467 (9th Cir 1996)(citing *Dodrill v. Shalala,*  12 F3d 915, 918-19 (9th Cir

1993)).  One reason for which an ALJ may discount lay testimony is that it conflicts with medical

evidence.  *Vincent v. Heckler,* 739 F2d 1393, 1395 (9th Cir 1984).

A. Donald M. Price

Mr. Price is plaintiff's husband of 45 years. Tr. 137. He stated, in February 2007, that plaintiff had trouble sleeping and often gets up during the night. She wears loose fitting clothes because of skin irritation, and has trouble getting into and out of a bath tub.   Mr. Price stated that plaintiff watches television and does some household chores resting between them. Tr. 138. Plaintiff requires help remembering to take her medication, and no longer fixes major family meals. Tr. 139. Mr. Price stated that his wife does not go outside often, and that she cannot go out alone at night because she cannot see well enough. Plaintiff shops two or three times a month, for less than an hour. Tr. 140. She goes to church weekly if able. Tr. 141. They used to go out to eat or to the movies weekly, but no longer. Tr. 142. Mr. Price stated that plaintiff can walk for several blocks before needing to rest for 5-10 minutes, and that she can pay attention for 30 minutes to an hour.

The ALJ noted Mr. Price's testimony, and stated:

> Mr. Price's testimony regarding the claimant's testimony
> is accepted as descriptive of the witness's perception,
> however, it does not provide sufficient support to alter
> the residual functional capacity arrived at herein. The
> behavior observed by the witness is not fully consistent
> with the medical and other evidence of record.

Tr. 14.

The Commissioner concedes that the ALJ erred in rejecting Mr. Price's statement on the basis that it conflicted with the medical and other evidence when the ALJ failed to specify which statements were inconsistent with what evidence.

The Commissioner correctly notes that Mr. Price's statement is dated February 26, 2007, and plaintiff's date last insured is September 30, 2004. The government argues that Mr. Price's

statement does not contain any reference or comments relating his observations to the relevant time period of the alleged onset date of September 1, 2000 through September 30, 2004. However, the form contains several questions about differences in the claimant's abilities or activities before and after the illness or impairments occurred. Question 12 is "what was the disabled person able to do before his/her illnesses, injuries or conditions that he/she can't do now?" Tr. 138. Price answered "She raised our children and most household chores. She was very active in church and kids school. She also worked outside the home." *Id* Question 15 asks whether there are "[a]ny changes in cooking habits since the illness, injuries, or conditions began?" Price responded "no more major family meals." Tr. 139. Question 21d asks for any changes in social activities since the illnesses, injuries, or conditions began, and Price responded that they "used to go to movies or out to eat weekly. We do very little any more." Tr. 142. Accordingly, taken as a whole, the form submitted by Mr. Price adequately relates to the time period in question. Moreover, the government cannot rely upon a rationale for discrediting Mr. Price that the ALJ did not articulate. *SEC v. Chenery Corp.,* 332 US 194, 196 (1947).

B. Cheryl Olson

Ms. Olson wrote a letter dated July 30, 2008, in which she asserted that she had known plaintiff for 20 years, and that she had noticed a progressive decline in plaintiff's energy and attendance at activities. Plaintiff told Ms. Olson that she needed to work, but that "working exhausted her strength physically and emotionally." Tr. 171. Ms. Olson said that plaintiff's symptoms varied day to day, that stress increased the symptoms, and that plaintiff was frustrated and in pain. *Id*

10 - OPINION AND ORDER

The ALJ did not refer to Ms. Olson's letter in his opinion. This was error. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir 2009).

## III. REMAND FOR PAYMENT OF BENEFITS IS APPROPRIATE

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F3d 1172, 1178 (9th Cir), *cert. denied,* 531 US 1038 (2000); *Benecke v. Barnhart,* No. 03-15155, 2004 WL 1770096 (9th Cir Aug. 9, 2004). The court's decision turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F2d 759, 763 (9th Cir 1989).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel,* 211 F3d at 1178. The court should grant an immediate award of benefits when:

> (l) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*

The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The ALJ improperly rejected the evidence establishing the severity of Price's limitations. If credited, the claimant's testimony and the lay testimony, establish that Price could not work on a regular and sustained full-time basis on September 1, 2000, and therefore, she was disabled.

The court, therefore concludes this matter should not be remanded for further proceedings. *See Schneider v. Comm'r,* 223 F3d 968 (9th Cir 2000). *See also Reddick v. Chater,* 157 F3d 715, 729 (9th Cir 1998) ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.")

## CONCLUSION

For these reasons, the Commissioner's decision is reversed and remanded pursuant to sentence four of 42 USC § 405(g) for the calculation and award of disability benefits.

IT IS SO ORDERED.

Dated this 26 day of August, 2010

_____
ANN AIKEN
United States District Judge

12  - OPINION AND ORDER